479 So.2d 772 (1985)
Freida L. Bowman JONES, Appellant,
v.
Michael L. BOWMAN, Appellee.
No. 85-439.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
Rehearing Denied December 27, 1985.
Craft, Craft & Scott and Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant.
Paul M. Herman of Beers & Herman, P.A., Palm Beach Gardens, for appellee.
PER CURIAM.
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN and BARKETT, JJ., concur.
GLICKSTEIN and BARKETT, JJ., concur specially with opinions.
BARKETT, Judge, concurring specially.
I concur with the decision of the majority because the record does not reflect an abuse of discretion. However, this close case again painfully illustrates the need to explore other alternatives to the adversary process in fashioning appropriate remedies in child custody cases.
GLICKSTEIN, Judge, concurring specially.
First, I, too, feel that there is record evidence to support the trial court's decision.[1] and that the adversarial dissolution and post-dissolution system is inappropriate for children's issues. While it is one thing to provide a battlefield, complete with judicial referees, should the parents wish to wage World War III between themselves, there are surely more humane and sensitive ways to determine the future of a child than by combat.
The Florida Governor's Commission on Child Support has made the following recommendations in its report of September 30, 1985:
a. Mediation be required as a first step in contested divorce, separation, and support proceedings in which issues of custody, visitation, or child support are raised by pleadings or petition *773 before or after final judgment and before parties are allowed to proceed with the usual adversarial litigative process; parties should be responsible for the costs of mediation provided that assessment of costs should be scaled to ability to pay and indigent persons should be exempt from payment;
b. Children be removed from the adversarial process and, if such removal is impossible, that children receive the protection of the court while in the adversarial process through appointment of a trained guardian-ad-litem; parties should be responsible for the costs of the guardian-ad-litem, provided that assessment of costs should be scaled to ability to pay and indigent persons should be exempt from payment;
c. Mediators and guardians-ad-litem be specifically trained in methods appropriate to their functions;
d. Wherever feasible, mediation be performed by a team of two persons, one of whom shall have competent knowledge of relevant law and one of whom shall have competent knowledge of the social and behavioral aspects of familial dissolution;
e. Judges and others involved be regularly provided with information and training essential to the performance of their assigned duties, and that a specific rule be promulgated by the Chief Justice of the Supreme Court of Florida providing for timely performance and reporting of mediation;
f. Filing fees for civil law suits be increased to provide for county mediation programs (or, alternatively, that revenues from incentive payments be used to pay part or all of the costs of the mediation function).
Florida Governor's Commission on Child Support, Final Report 48-49 (Sept. 30, 1985).
Second, the trial judge in this case conducted in camera interviews with the children which were subject only to his and our view and consideration. They have been helpful to this writer. The conduct of such interviews has been treated in two publications, which are, in this writer's view, worthy of consideration and evaluation by trial judges involved in making custody decisions. See Lombard, Judicial Interviewing of Children in Custody Cases: An Empirical and Analytical Study, 17 U.C.D.L.Rev. (1984); Jones, Judicial Questioning of Children in Custody and Visitation Proceedings, 18 Fam.L.Q. 43 (1984).
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).